IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GREG WAMBLE,**
**CLASS REPRESENTATIVE DOES 1-50**
Individually, and on behalf of
all other similarly situated                                                                 **PLAINTIFFS**

V.                                                   CIVIL ACTION NO: 2:09cv103-KS-MTP

**COUNTY OF JONES,**
**CITY OF ELLISVILLE**
**JONES COUNTY SHERIFF'S DEPARTMENT,**
**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,**
**MISSISSIPPI HIGHWAY PATROL,**
**SHERIFF ALEX HODGE, in his**
**individual and official capacity,**
**MISSISSIPPI HIGHWAY PATROL**
**OFFICER JERRY MERRILL,**
in his individual and official capacity,
**JONES COUNTY SHERIFF'S DEPUTIES**
**DOES 1 THROUGH 50,**
**MISSISSIPPI HIGHWAY PATROL DEPUTIES**
**DOES 1 THROUGH 50,**
**CITY OF ELLISVILLE POLICE OFFICER**
**DOES 1 THROUGH 50**                                                                        **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MISSISSIPPI
DEPARTMENT OF PUBLIC SAFETY, MISSISSIPPI HIGHWAY PATROL AND
OFFICER JERRY MERRILL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES**

**COME NOW** Defendants, the Mississippi Department of Public Safety ("MDPS"), the

Mississippi Highway Patrol ("MHP"), and Officer Jerry Merrill, in his individual and official

capacities, and respectfully submit this their Answer and Affirmative Defenses, and in support

thereof, states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Defendants MDPS, MHP and Merrill (in his official capacity only) are immune from suit

under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits suits against a state, state agencies and state officials sued in their official capacities. Accordingly, the Plaintiff's claims are barred by Eleventh Amendment immunity to the extent they are asserted against these Defendants, and this Court lacks subject matter over these claims. For this reason, Defendants MDPS, MHP and Merrill (in his official capacity only) should be dismissed from this suit pursuant to Fed R. Civ. P. 12(b)(1).

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to pursue his claims for injunctive relief against these Defendants because he cannot credibly establish that there is a real and immediate threat that these Defendants will cause him to be strip-searched or placed in a chill room. Accordingly, this Court lacks subject matter jurisdiction over these claims (to the extent they are asserted against the these Defendants) and should therefore dismiss these claims pursuant to Fed R. Civ. P. 12(b)(1).

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against these Defendants and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## FOURTH AFFIRMATIVE DEFENSE

Defendant Merrill is entitled to qualified immunity, in his individual capacity, for acts done or actions taken, as all acts done or taken relative to the matters alleged in the Plaintiff's Complaint were not violative of any clearly established statutory or constitutional rights of which he knew or should have known, and were objectively reasonable.

## FIFTH AFFIRMATIVE DEFENSE

These Defendants are absolutely immune from suit in federal court regardless of the relief

sought against them.

## SIXTH AFFIRMATIVE DEFENSE

Although the Plaintiff does not appear to be making claims under state law, to the extent the Complaint could be read to include such claims or to the extent the Plaintiff attempts to raise such claims, those claims are barred because the Plaintiff failed to follow the procedures set forth in the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq*., ("MTCA"), including serving a proper notice of claim, and therefore his claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE

Although the Plaintiff does not appear to be making claims under state law, to the extent the Complaint could be read to include such claims or to the extent the Plaintiff attempts to raise such claims, those claims are barred against these Defendants on account of the immunities granted to them by the MTCA, including without limitation, those defenses contained in Miss. Code Ann. § 11-46-9.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff has suffered any damages, the sole proximate cause of such damages were the actions of individuals or entities over whom these Defendants had and have no control.

## NINTH AFFIRMATIVE DEFENSE

The alleged damages of which the Plaintiff complains were proximately caused or contributed to by the acts of individuals or entities other than these Defendants, whose acts constitute the proximate cause or independent intervening cause of Plaintiff's alleged injuries and damages. These Defendants seek apportionment pursuant to Mississippi Code § 85-5-7.

## TENTH AFFIRMATIVE DEFENSE

Any alleged injury to the Plaintiff, which is denied, was caused in whole or in part by the Plaintiff's own conduct, intentional and negligent.

## ELEVENTH AFFIRMATIVE DEFENSE

The facts not having been fully developed and the Complaint being so improperly pled as to defy reasonable efforts to ascertain the legal bases therefore, these Defendants reserve the right to plead fraud, illegality, payment, release, statute of frauds, prescription, and any other matter constituting an avoidance or affirmative defense.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted for punitive damages against these Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred due to insufficiency of process, insufficiency of service of process and/or failure of process and should therefore be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to join indispensable parties.

## ANSWER

And now without waiving any of the affirmative defenses asserted hereinabove, the Defendants respond to the allegations contained in the Plaintiff's Complaint, paragraph-by-paragraph, as follows:

1. The allegations contained in the unnumbered paragraph beginning "This is an action . . . ." are denied. The allegations contained in the unnumbered paragraph beginning

"Plaintiffs also seek . . . ." are denied. The allegations contained in the unnumbered paragraph beginning "Defendants' strip search . . . ." are denied.

1(A).   The allegations contained in Paragraph 1 are denied.

2.   These Defendants deny that they caused the Plaintiff to be subjected to a strip-search and/or body-cavity search or placed in a chill room; that they had any involvement in any strip-search and/or body-cavity search that the Plaintiff underwent; that they are responsible for adopting or implementing a policy mandating that individuals who have been arrested by them or individuals under their control be strip-searched and/or submit to a body-cavity search; and that they have a practice or custom of strip-searching or conducting a body-cavity search on all individuals who have been arrested by them or individuals under their control. These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 and therefore deny the same.

3.   These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 and therefore deny the same.

4.   The allegations contained in Paragraph 4 are not directed at these Defendants and therefore require no response. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

5.   The allegations contained in the first sentence of Paragraph 5 are denied. The allegations contained in the second sentence of Paragraph 5 are legal assertions which require no response from these Defendants.

6.   The allegations contained in Paragraph 6 are not directed at these Defendants and

therefore require no response. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are not directed at these Defendants and therefore require no response. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

9. It is admitted that Defendant Merrill was acting under color of law during the subject events and that he was acting pursuant to statutes of the State of Mississippi. The remaining allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are not directed at these Defendants and therefore require no response. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

11. The allegations contained in the first two sentences of Paragraph 11 are legal conclusions and/or assertions which require no response from these Defendants. To the extent the allegations contained in these first two sentences may be construed to impute liability against these Defendants, the allegations are denied. The allegations contained in the final two sentences of Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are not directed at these Defendants and therefore require no response. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

13. The allegations contained in Paragraph 13 are denied.

14. The allegations contained in the first two sentences of Paragraph 14 are admitted.

The allegations contained in the third, fourth and fifth sentences of Paragraph 14 are denied. The allegations contained in the sixth sentence of Paragraph 14 are admitted. It is further admitted that no weapons or contraband were found as a result of Officer Merrill's search, but it is denied that Officer Merrill's search was illegal. It is admitted that Officer Merrill informed the Plaintiff that he was going to be take to jail, but it is denied that the Plaintiff was told that he was *only* charged with misdemeanor violations of speeding and having an expired license. These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in the final sentence of Paragraph 14 and therefore deny the same.

15. The allegations contained in the first two sentences of Paragraph 15 are admitted. It is admitted that the Plaintiff took a breathalyzer test. It is denied that he was ordered to submit to said test without a reasonable suspicion that he had been consuming alcohol. The allegations contained in the fourth sentence of Paragraph 15 are admitted. The allegations contained in the fifth sentence of Paragraph 15 are denied. These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in the sixth and final sentence of Paragraph 15 and therefore deny the same.

16. These Defendants deny that they were in any way responsible for the Plaintiff being taken to a room and strip-searched. They also deny that the Plaintiff was subjected to an "invasive body cavity search[.]" These Defendants deny the remaining allegations contained in the first sentence of Paragraph 16 to the extent that these allegations may be construed to impute liability against them. The allegations contained in the second and third sentences of Paragraph 16 are denied. These Defendants are without sufficient information and knowledge to form a

belief as to the truth or falsity of the allegations contained in the fourth, fifth, sixth and seventh sentences of Paragraph 16 and therefore deny the same.

17. These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and therefore deny the same.

18. The allegations contained in Paragraph 18 are denied.

19. The allegations contained in Paragraph 19 are denied.

20. These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and therefore deny the same.

21. These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 and therefore deny the same.

22. These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 and therefore deny the same.

23. These Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and therefore deny the same.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are not directed at these Defendants and therefore require no response. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

29. The allegations contained in Paragraph 29 are not directed at these Defendants and therefore require no response. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

30. The allegations contained in Paragraph 30 are denied.

31. The allegations contained in Paragraph 31 are denied.

32. The allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are denied.

34. The allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

36. The allegations contained in Paragraph 36 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

37. The allegations contained in Paragraph 37 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

38. The allegations contained in Paragraph 38 are legal conclusions and/or legal

assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

39. The allegations contained in Paragraph 39 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

40. The allegations contained in Paragraph 40 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

41. The allegations contained in Paragraph 41 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

42. The allegations contained in Paragraph 42 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

43. The allegations contained in Paragraph 43 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

44. The allegations contained in Paragraph 44 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

45. The allegations contained in Paragraph 45 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may

be construed to impute liability against these Defendants, the allegations are denied.

46. The allegations contained in Paragraph 46 are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

47. The allegations contained in Paragraph 47 (and all subparagraphs thereof) are legal conclusions and/or legal assertions which require no response from these Defendants. To the extent the allegations may be construed to impute liability against these Defendants, the allegations are denied.

48. The allegations contained in Paragraph 48 are denied.

49. The allegations contained in Paragraph 49 are denied.

50. The Defendant denies that the Plaintiff is entitled to any of the relief requested in the unnumbered Paragraph beginning "WHEREFORE, plaintiffs seek judgment . . . .," including all subparagraphs thereof.

**WHEREFORE, PREMISES CONSIDERED,** these Defendants respectfully request that the Complaint as filed herein be dismissed with all costs and attorneys fees being assessed to the Plaintiff.

This the 26th day of August, 2009.

        Respectfully submitted,

        **MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, MISSISSIPPI HIGHWAY PATROL, and MISSISSIPPI HIGHWAY PATROL OFFICER JERRY MERRILL, in his individual and official capacity**

        **BY:**    **JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

**BY:**     */s/ Wilson Minor*
            WILSON MINOR, MSB #102663
            SPECIAL ASSISTANT ATTORNEY GENERAL

Civil Litigation Division
Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-6279
Facsimile: (601) 359-2003

**CERTIFICATE OF SERVICE**

This is to certify that I, Wilson Minor, Special Assistant Attorney General for the State of Mississippi, have this date caused to be electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Mark T. McLeod, Esq.
Mitchell H. Tyner, Sr., Esq.
TYNER LAW FIRM, P.A.
5750 I-55 North
Jackson, MS 39211
*Counsel for Plaintiff*

Vardaman Kimball Smith, III
Bryan Nelson, P.A.
P. O. Drawer 18109
Hattiesburg, MS 39404-8103
*Counsel for City of Ellisville*

**THIS** the 26th day of August, 2009.

                                              */s/ Wilson Minor*
                                              WILSON MINOR