IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREG WAMBLE, CLASS REPRESENTATIVE DOES
1-50, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                                                            PLAINTIFFS

V.                                              CIVIL ACTION NO. 2:09-CV-103-KS-MTP

COUNTY OF JONES, CITY OF ELLISVILLE,
JONES COUNTY SHERIFF'S DEPARTMENT,
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,
MISSISSIPPI HIGHWAY PATROL, SHERIFF ALEX
HODGE, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, MISSISSIPPI HIGHWAY PATROL
OFFICER JERRY MERRILL, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, JONES COUNTY
SHERIFF'S DEPUTIES DOES 1-50, MISSISSIPPI
HIGHWAY PATROL DEPUTIES 1-50,
CITY OF ELLISVILLE POLICE OFFICER DOES 1-50                    DEFENDANTS

**DEFENSES AND ANSWER OF DEFENDANT SHERIFF ALEX HODGE**

COMES NOW Defendant, Sheriff Alex Hodge, in his Individual Capacity, by and through counsel of record, and submits this, his Answer and Defenses to the Complaint filed by the Plaintiffs, and in response thereto would show as follows:

**FIRST DEFENSE**

This Defendant specifically and affirmatively asserts and invokes all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(4) and 12(b)(5)as he has never been personally served in this action. The only Summons and Complaint that Alex Hodge has ever been served with was addressed to the "Jones County Sheriff's Department c/o Alex Hodge". In response to that summons a Motion to Dismiss the Jones County Sheriff's Department was filed with the Court. Alex Hodge has never received any summons

1

issued to him individually. To the extent Hodge is named in his official capacity, such cause of action is the same as naming Jones County, Mississippi itself. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir.1980). "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). The Answer and Defenses of Jones County, Mississippi were filed with this Court and served on August 26, 2009.

Federal Rule of Civil Procedure 4(e) holds that service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States by the following means: (1.)pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2.) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. *Federal Rule of Civil Procedure 4(e)*.

Mississippi Rule of Civil Procedure 4(d)(1) provides that service upon an individual other than an unmarried infant or a mentally incompetent person shall be made: (A.) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under

**subparagraph (1)(a) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day** a**fter such mailing.** *Mississippi Rule of Civil Procedure 4(d)(1).*

**In the case** *sub judice,* **Plaintiff has not served Alex Hodge, individually, in any manner – either personally, through service at his residence, or at his place of employment. As these are the only methods for service proscribed by the Federal and Mississippi Rules of Civil Procedure and Plaintiff has failed to comply with any of them, Defendant Alex Hodge, in his individual capacity, is subject to dismissal.**

**As Alex Hodge has not been individually served in this matter despite the fact the Plaintiff filed his complaint on June 2, 2009, more than 120 days ago, any action brought against him at this time is subject to dismissal pursuant to Fed. R. Civ. P. 4 and 5. Furthermore, as Alex Hodge was never served in his individual capacity, there is no basis for Plaintiff's Motion for Entry of Default and/or Motion for Default Judgment against Hodge. Accordingly, Defendant Hodge will be seeking dismissal of the action against him by separate motion.**

**This Defendant specifically and affirmatively asserts and invokes all other defenses available to him as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist on his behalf or in his favor and further**

**reserves the right to further supplement these preliminary defenses via separate motion.**

## SECOND DEFENSE

This Defendant possesses sovereign immunity and/or qualified immunity herein from suit and/or liability and/or damages.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

This Defendant did not breach any duty owed to the Plaintiffs, nor did he violate any right or privilege of the Plaintiffs, and is, therefore, not liable in damages.

## FIFTH DEFENSE

The matters set forth in the Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

## SIXTH DEFENSE

This Defendant committed no act or omission which caused any injury, damage, or deprivation to the Plaintiffs and this Defendant is therefore not liable in damages.

## SEVENTH DEFENSE

As a matter of law, the Plaintiffs are not entitled to any relief from this Defendant.

## EIGHTH DEFENSE

This Defendant was not properly served and therefore the Complaint against him is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5).

## NINTH DEFENSE

Plaintiffs' damages, if any, are the sole proximate result of actions or omissions of a person or persons other than this Defendant, and Plaintiffs' claims for damages are barred in

their entirety as to this Defendant, or are subject, as appropriate, to apportionment under Miss. Code Ann. §85-5-7.

## TENTH DEFENSE

Defendant Hodge hereby specifically pleads that if the allegations of the Complaint are true, Plaintiffs are or may be guilty of either contributory negligence or affirmative conduct in connection with the events about which they complain. To the extent events that form the subject matter of Plaintiffs' Complaint and Plaintiffs' alleged damages, if any, were caused by the actions or omissions of Plaintiffs, any recovery by Plaintiffs, if any, must be reduced accordingly under principles of comparative fault.

## ELEVENTH DEFENSE

Alternatively, Plaintiffs' alleged injuries were caused, unforeseeably, by persons, forces or entities for whom/which this Defendant is neither liable nor responsible, such being intervening, superseding causes, breaking any alleged causative link to this Defendant.

## TWELFTH DEFENSE

Defendant Hodge would show that no part of this action may be maintained as a collective action and that insofar as the same is intended to be maintained as a collective action, the action should be dismissed and the Defendant moves for decertification.

## THIRTEENTH DEFENSE

Defendant Hodge would show that there is a lack of commonality amongst the Plaintiffs such that class certification is inappropriate. The Defendant herein raises all defenses to Plaintiffs' Motion to Certify, prospectively, and moves for decertification and dismissal.

## FOURTEENTH DEFENSE

Plaintiff Greg Wamble does not fairly and adequately represent the class he purports to

represent and therefore class certification is inappropriate and this class action should be dismissed.

## FIFTEENTH DEFENSE

Plaintiff Greg Wamble cannot, as matter of law, bring this action on behalf of any current inmate, and therefore this matter should be, and Defendant Hodge moves for dismissal.

## SIXTEENTH DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations.

## SEVENTEENTH DEFENSE
## ANSWER

Having set forth certain preliminary defenses, and without waiving its rights to first be heard regarding said defenses, Defendant Alex Hodge now responds to Plaintiffs' Complaint, paragraph by paragraph, as follows:

## JURISDICTION

1. It is admitted Plaintiffs purport to bring a cause of action pursuant to 42 U.S.C. §1983 and §1988, but the validity of such action is denied. It is admitted jurisdiction is proper.

## PARTIES

2. It is admitted that Greg Wamble is a Plaintiff herein and purports to bring a claim as class representative for unknown Does, but it is denied that Wamble is a proper class representative and it is denied that Wamble and the purported class have valid causes of action against the Defendant.

3. Denied.

4. It is admitted that Alex Hodge is currently the Sheriff of Jones County,

Mississippi and it is admitted Plaintiffs purport to bring this action against Sheriff Hodge in both his individual and official capacities. It is denied that the Plaintiffs have any valid claims against Sheriff Hodge. As the remaining allegations in paragraph 4 of the Plaintiffs' Complaint attempt to state legal conclusions, no response is required of this Defendant. To the extent any response is required, denied.

5. The Plaintiffs have not identified Does 1 through 50 and therefore this Defendant cannot verify the veracity of the allegations in paragraph 5 and denies the same.

6. The Plaintiffs have not identified Does 1 through 50 and therefore this Defendant cannot verify the veracity of the allegations in paragraph 6 and denies the same.

7. The Plaintiffs have not identified Does 1 through 50 and therefore this Defendant cannot verify the veracity of the allegations in paragraph 7 and denies the same.

8. The Plaintiffs have not identified Does 1 through 50 and therefore this Defendant cannot verify the veracity of the allegations in paragraph 8 and denies the same.

9. The Plaintiffs have not identified Does 1 through 50 and therefore this Defendant cannot verify the veracity of the allegations in paragraph 9 and denies the same.

10. The allegations in paragraph 10 of the Complaint are not directed at this Defendant and it is not believed any response is required of it. To the extent a response is required, denied.

11. The allegations in paragraph 11 of the Complaint are not directed at this Defendant and it is not believed any response is required of it. To the extent a response is required, denied.

12. It is denied that the Jones County Sheriff's Department is a legal entity capable of being sued. To the extent paragraph 12 attempts to state legal conclusions no response is

required of the Defendant. All remaining allegations in paragraph 12 are denied.

13. Denied. This Defendant specifically denies that a class action is appropriate in this matter or can be maintained pursuant to Fed. R. Civ. P. 23.

## FACTS

14. It is admitted that Greg Wamble was arrested on or about June 19, 2008, by the Mississippi Highway Patrol. This Defendant is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 14 of the Complaint and therefore denies the same.

15. The allegations contained in paragraph 15 are not directed at this Defendant and it is not believed a response is required of him. To the extent a response is required, denied.

16. The allegations contained in paragraph 16 of the Complaint are denied.

17. The allegations contained in paragraph 17 of the Complaint are denied.

18. The allegations contained in paragraph 18 the Complaint are denied.

19. The allegations contained in paragraph 19 the Complaint are denied.

20. The allegations contained in paragraph 20 the Complaint are denied.

21. It is admitted that Plaintiff was released from jail on or about June 20, 2008. The remaining allegations in paragraph 21 are denied.

22. The allegations contained in paragraph 22 are not directed at this Defendant and this Defendant is without knowledge or information sufficient to determine the veracity of these allegations and therefore denies the same.

23. It is admitted Sheriff Hodge met with Greg Wamble. All remaining allegations in paragraph 23 are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. The allegations contained in paragraph 30 of the Complaint are denied.

31. The allegations contained in paragraph 31 of the Complaint are denied.

CLASS CLAIMS

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. The allegations contained in paragraph 35 of the Complaint are denied.

36. The allegations contained in paragraph 36 of the Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

39. The allegations contained in paragraph 39 of the Complaint are denied.

40. The allegations contained in paragraph 40 of the Complaint are denied.

41. The allegations contained in paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are denied.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are denied.

45. The allegations contained in paragraph 45 of the Complaint are denied.

46. It is admitted that the Jones County Sheriff's Department maintains records for

arrestees and inmates. The remaining allegations are denied as written.

47. To the extent the allegations in paragraph 47 makes statements of law, no response is required from this Defendant. It is denied that Greg Wamble is a proper class representative or that the Plaintiffs are a proper class in accordance with Federal Rules of Civil Procedure 23. The remaining allegations in paragraph 47 are denied.

COUNT ONE

48. The allegations contained in paragraph 48 of the Plaintiffs' Complaint are denied. The Defendant denies that any action or omission on its part proximately caused the Plaintiffs any harm. Further, the Defendant specifically denies that the Plaintiffs are entitled to judgment against him, or that he is liable or indebted to the Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. This Defendant denies that the Plaintiffs are entitled to attorney's fees, interest and costs and would affirmatively show that Plaintiffs have no legal right under state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

COUNT TWO

49. The allegations contained in paragraph 49 of the Plaintiffs' Complaint are denied. The Defendant denies that any action or omission on its part proximately caused the Plaintiffs any harm. Further, the Defendant specifically denies that the Plaintiffs are entitled to judgment against him, or that he is liable or indebted to the Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum

whatsoever.  This Defendant denies that the Plaintiffs are entitled to attorney's fees, interest and costs and would affirmatively show that Plaintiffs have no legal right under state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

### PRAYER FOR RELIEF

The Defendant denies the allegations contained in the unnumbered paragraph beginning with the word "WHEREFORE", including sub-parts (1) through (6).  Defendant Hodge denies that any action or omission on his part proximately caused the Plaintiffs any harm.  Further, the Defendant specifically denies that the Plaintiffs are entitled to judgment against him, or that he is liable or indebted to the Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.  This Defendant denies that the Plaintiffs are entitled to attorney's fees, interest and costs and would affirmatively show that Plaintiffs have no legal right under state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

### **FIRST AFFIRMATIVE DEFENSE**

This Defendant is entitled to qualified immunity and immunity from suit and/or liability herein.  Defendant Hodge is entitled to, and hereby asserts all rights, privileges, and immunities otherwise available to a governmental or state actor.

### **SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, Plaintiffs' Complaint fails to state a claim upon which relief can be granted against the Defendant.

### **THIRD AFFIRMATIVE DEFENSE**

At all times, this Defendant acted in good faith reliance upon then existent law and is entitled to qualified immunity or absolute immunity or a special good faith defense.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, at the times complained of, were guilty of affirmative conduct proximately causing their alleged harms and accordingly, any recovery herein must be reduced under the applicable principles of comparative negligence or comparative fault or, if established to be the sole proximate cause, bar their recovery entirely.

## FIFTH AFFIRMATIVE DEFENSE

Defendant would show unto the Court that certain of the forms of relief requested by Plaintiffs are, or may be, beyond the subject matter jurisdiction of this Court. Alternatively, certain of the claims for relief alleged by Plaintiffs are misjoined and are not properly to be asserted as affirmative civil claims for relief under the procedural vehicle of 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant possesses immunity to Plaintiffs herein and specifically asserts all rights, defenses, privileges and immunities available unto him under applicable state and federal law. This Defendant invokes and asserts all rights, privileges and immunities available unto him as set forth in the United States Constitution and/or Mississippi Constitution and supporting/interpretive federal or state common law.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Hodge, at all times complained of, acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, with probable cause, without injurious intent, without evil motive, and is guilty of no wrongful or tortious conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

Alternatively, to the extent, if any, Plaintiffs' Complaint, with amendments, if any, purports to state a cause of action against this Defendant based upon any state law theory, Defendant Hodge possesses sovereign immunity pursuant to and as set forth in Miss. Code Ann. § 11-46-1 *et seq.* (Supp. 2000) by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Complaint, with amendments, if any, seeks any award or assessment of punitive damages against this Defendant, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, Section 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, Section 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Additionally, Plaintiffs' claim for punitive damages of, from or against Defendant is barred by Miss. Code Ann. § 11-46-15 (Supp. 2000), and/or federal common law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs suffered no loss or deprivation of any rights, privileges, or immunities afforded them by the United States Constitution or applicable federal or state law.

## ELEVENTH AFFIRMATIVE DEFENSE

No custom, policy or practice attributable to the Defendants proximately caused any harm to the Plaintiffs. Likewise, no such custom, policy or practice evinced, or was maintained with, deliberate or willful indifference.

Additionally and/or alternatively, any damage, loss or deprivation to Plaintiffs, if any, was not proximately caused by any official policy, practice or custom of Jones County, Mississippi. Plaintiffs' alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, custom or practice attributable to the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Hodge would show that the factual allegations of Plaintiffs' Complaint, and the conduct complained of, does not violate any clearly established statutory or constitutional rights of Plaintiffs, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, this Defendant is not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

## THIRTEENTH AFFIRMATIVE DEFENSE.

This Defendant has no liability to Plaintiffs herein pursuant to 42 U.S.C. § 1988 as Plaintiffs are not possessed of a cognizable claim pursuant to 42 U.S.C. § 1983. The Defendant, however, is entitled to attorney's fees herein, pursuant to 42 U.S.C. § 1988 or otherwise, as Plaintiffs' claims are unreasonable, groundless and in bad faith. The Defendant, further, is

entitled to these fees in order to deter harassing litigation such as that asserted by Plaintiffs herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

No action or inaction on the part of this Defendant proximately caused any harm, loss or deprivation to Plaintiffs. At all times complained of, Defendant Hodge acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, Defendant's conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983. Plaintiffs suffered no serious injury and their allegations do not arise to the level of a constitutional tort.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any punitive damages against any of the defendants, as to the state law claims, pursuant to Miss. Code Ann. § 11-46-15, as amended.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, losses and/or injuries, if any, are the proximate result of their own actions and/or omissions, or those of other persons for whom this Defendant is neither liable nor responsible. Plaintiffs' recovery should be barred or alternatively, reduced under principles of comparative fault. Further, this Defendant affirmatively asserts and invokes all defenses and rights available to him as set forth in Miss. Code Ann. § 85-5-7(2002) as well as § 11-1-65.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law without proof of every element of such claim beyond a reasonable doubt would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution and under Article 3, §14 of the Constitution of the State of

Mississippi.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Unless this Defendant's purported liability for punitive damages and the appropriate amount of punitive damages to be assessed are required to be established by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law subject to no predetermined upper limit, either as a maximum multiple of compensatory damages or an absolute maximum amount, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi, and may result in a violation of Defendant's rights not to be subjected to an excessive award in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 3, §28 of the Constitution of the State of Mississippi.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that is not provided with standards of sufficient clarity and uniformity for determining the appropriateness or the appropriate size of a punitive damage award would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment and is not instructed to award only that amount of punitive damages as reflects a necessary relationship between the amount of punitive damages and actual harm in question would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of an invidiously discriminatory characteristic, including Defendant's status, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague, imprecise, inconsistent and arbitrary and do not define with sufficient clarity to give advance notice to a potential defendant of the prohibited conduct or mental state that makes an award of punitive damages possible, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14

of the Constitution of the State of Mississippi.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that is not subject to trial and appellate court review on the basis of uniform and objective standards would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because awarding punitive damages under Mississippi law without affording Defendant's protections similar to those that are afforded to criminal defendants, including, but not limited to, the protection against unreasonable searches and seizures, double jeopardy or impermissible multiple punishments and compelled self-incrimination, and the right to confront adverse witnesses, to compulsory process for favorable witnesses, to the effective assistance of counsel and to an unanimous verdict of a twelve-person jury on every element of an award of punitive damages, would violate Defendant's rights guaranteed by the Fourteenth Amendment to the United States Constitution and under Article 3, §§14, 22, 26 and 31 of the Constitution of the State of Mississippi.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Hodge affirmatively asserts and invokes all defenses and rights available unto him as set forth in Miss. Code Ann. § 85-5-7 (Supp. 2000) and affirmatively states that he cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party herein.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

At all times complained of, Defendant Hodge acted both reasonably and prudently and in the exercise of either statutory authority or legitimate and lawful law enforcement justification, and to the extent that Plaintiffs' Complaint complains of law enforcement activities, all such activities were performed with probable cause and with legitimate and lawful justification and for no improper purpose.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This Defendant and/or the employees of Jones County, Mississippi were adequately trained and no circumstances presented proximately resulted from any inadequate training or supervision.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

This Defendant is not guilty of conduct amounting to deliberate indifference to the rights or needs of the Plaintiffs.

RESPECTFULLY SUBMITTED, this the 19th day of October, 2009.

Sheriff Alex Hodge, In his Individual Capacity, Defendant

By: Its Attorneys
PAGE, KRUGER & HOLLAND, P.A.

By:  /s/Michelle Tolle High
Michelle Tolle High

PAGE, KRUGER & HOLLAND, P.A.
J. Lawson Hester (MSB No. 2394)
Michelle Tolle High (MSB No. 100663)
Post Office Box 1163
Jackson, Mississippi 39215-1163
Telephone: (601) 420-0333

**CERTIFICATE OF SERVICE**

I, Michelle Tolle High, hereby certify that on 19th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Mark T. McLeod
Mitchell H. Tyner, Sr.
Tyner Law Firm, P.A.
5750 I-55 North
Jackson, MS 39211

Wilson Minor
Special Assistant Attorney General
Civil Litigation Division
Office of the Attorney General
P.O. Box 220
Jackson, Mississippi 39205

Vardaman Kimball Smith, III
Bryan Nelson, P.A.
P.O. Drawer 18109
Hattiesburg, MS 39404-8103


This, the 19th day of October, 2009.

                                          By:      s/Michelle Tolle High
                                                  Michelle Tolle High