IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREG WAMBLE, CLASS REPRESENTATIVE DOES
1-50, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 2:09-CV-103-KS-MTP

COUNTY OF JONES, CITY OF ELLISVILLE,
JONES COUNTY SHERIFF'S DEPARTMENT,
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,
MISSISSIPPI HIGHWAY PATROL, SHERIFF ALEX
HODGE, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, MISSISSIPPI HIGHWAY PATROL
OFFICER JERRY MERRILL, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, JONES COUNTY
SHERIFF'S DEPUTIES DOES 1-50, MISSISSIPPI
HIGHWAY PATROL DEPUTIES 1-50,
CITY OF ELLISVILLE POLICE OFFICER DOES 1-50              DEFENDANTS

## MEMORANDUM IN SUPPORT OF ALEX HODGE'S MOTION TO DISMISS

COMES NOW, Defendant Alex Hodge, by and through undersigned counsel, and submits this Memorandum in support of his Motion to Dismiss. In support thereof, Defendant Hodge would respectfully show unto the Court the following:

On June 2, 2009, the Plaintiffs filed their Complaint in this matter. Subsequently, on July 28, 2009, summons were issued by the Court for (1.) "Jones County Sheriff's Department c/o Sheriff Alex Hodge", (2.) "County of Jones c/o President, Jones County Board of Supervisors", (3.) "City of Ellisville c/o City Clerk", (4.) "Mississippi Department of Public Safety c/o Attorney General of the State of Mississippi", and (5.) the "Mississippi Highway Patrol c/o Attorney General of the State of Mississippi". [Docket # 2] In August, 2009, process server Davy Keith personally delivered to a copy of the summons addressed to the "Jones County Sheriff's Department c/o Sheriff Alex Hodge" and a copy of the Complaint to Sheriff Alex

Hodge.  *See Exhibit "A".*  Hodge was not provided with any other summons and was not served with a summons directed to him individually as a defendant.  *Id.*

In addition to serving the Jones County Sheriff's Department c/o Alex Hodge, the Plaintiffs also served Jones County, Mississippi in mid August, 2009.   To the extent Hodge is named in his official capacity, such cause of action is the same as naming Jones County, Mississippi itself.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir.1980). "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).  The Answer and Defenses of Jones County, Mississippi was filed with this Court and served on August 26, 2009.  [Docket # 6]

One day *after* the County filed its Answer and Defenses in this case, a summons to Alex Hodge, *individually*, was *issued* by the Court.  [Docket # 7]   Hodge was never served with this summons and has not been served in his individually capacity as of the filing of this motion.  *See Exhibit "A".*

<u>**ARGUMENT**</u>

**DEFENDANT ALEX HODGE IS ENTITLED TO DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(4) AS THE PLANTIFFS FAILED TO SERVE HIM WITHIN 120 DAYS OF THE FILING OF THEIR  COMPLAINT, AS REQUIRED BY FRCP 4.**

Rule 4 of the Federal Rules of Civil Procedure governs the commencement of all federal court actions.   Federal Rule of Civil Procedure 4(c)(1) states, "[a] plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)...".  *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir.1990).  Rule 4

specifically requires the service of a summons and complaint upon a party within 120 days of the filing of the Complaint.   Specifically, Rule 4(m) which provides:

**Time Limit for Service**

> If service of the summons and the complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The requisite analysis of Rule 4(m) is twofold.  Primarily, Rule 4(m) requires service within 120 days and the failure to comply empowers the Court to unilaterally dismiss the complaint or grant additional time to serve the defendant.  It also allows a request for additional time to be brought by motion.  *Thompson v. Brown, 91 F.3d 20 (5th Cir. 1996).*   Mississippi district courts have shown a willingness to dismiss a cause of action where the defendant has not been served within 120 days after the complaint was filed and good cause has not been shown.  *Grudzinskas v. Home Side Rending, Inc.,* 345 F. Supp. 2d 633 at 641(S.D. Miss., 2004).

The  Fifth Circuit has ruled that in order to establish good cause, a plaintiff must "…be diligent in serving process as well as pure of heart before good cause will be found."  *Resolution Trust Corp. v. Starkey, 41 F.3d 1018 at 1022 (C.A.5th 1995).*  "Good cause" normally requires some evidence of "good faith on the part of the parties seeking an enlargement of time and some reasonable basis for noncompliance with the time specified."  *Lambert v. United States, 44 F.3d 296, 299 (C.A. 5th 1995).*  Simple inadvertence, mistake of counsel, and ignorance of the rules usually does not suffice.  *Id.*  In the case *sub judice*, Plaintiffs did not timely attempt or effectuate service on Alex Hodge, individually, despite the fact that location of Hodge's place of employment was known.

In addition to the fact that the Plaintiffs did not serve process on Alex Hodge within 120 days, the Plaintiffs have not moved the Court for additional time within which to do so. Accordingly, the Plaintiffs' Complaint as against Hodge, individually, should be dismissed.

**ALEX HODGE, IN HIS INDIVIDUAL CAPACITY,  IS ENTITLED TO DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5) AS THE PLAINTIFFS FAILED TO EFFECTIVELY SERVE HIM IN COMPLIANCE WITH FRCP 4(E).**

Federal Rule of Civil Procedure 4(e) holds that service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States by the following means:

> (1.)    pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2.)    by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

*Federal Rule of Civil Procedure 4(e).* Mississippi Rule of Civil Procedure 4(d)(1) provides that service upon an individual other than an unmarried infant or a mentally incompetent person shall be made,

> (A.) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subparagraph (1)(a) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail,

postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

*Mississippi Rule of Civil Procedure 4(d)(1).*

In the case *sub judice,* Plaintiffs have not personally served Alex Hodge, individually. Plaintiffs have not served Hodge by leaving copies of the Complaint and Summons at his home with a person of suitable age and discretion who resides therein. Furthermore, Plaintiffs have not served Hodge, individually, by delivering a copy of the Summons and Complaint to an agent authorized to receive service of process on his behalf. As these are the only methods for service allowed by the Federal and Mississippi Rules of Civil Procedure and Plaintiffs have failed to comply with any of them, Defendant Alex Hodge, in his individual capacity, is subject to dismissal.

WHEREFORE, PREMISES CONSIDERED, Sheriff Alex Hodge, in his individual capacity, respectfully requests this Court to dismiss the Complaint against him in its entirety, pursuant to Federal Rules of Civil Procedure 4 and 12.

RESPECTFULLY SUBMITTED, this the 20th day of October, 2009.

ALEX HODGE, Defendant

By: His Attorneys
PAGE, KRUGER & HOLLAND, P.A.

By:    /s/ Michelle T. High
        Michelle T. High

PAGE, KRUGER & HOLLAND, P.A.
J. Lawson Hester (MSB No. 2394)
Michelle Tolle High (MSB No. 100663)
Post Office Box 1163
Jackson, Mississippi 39215-1163
Telephone: (601) 420-0333
Facsimile: (601) 420-0033

## CERTIFICATE OF SERVICE

I, Michelle High hereby certify that on 20th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Mark T. McLeod
Mitchell H. Tyner, Sr.
Tyner Law Firm, P.A.
5750 I-55 North
Jackson, MS 39211

Wilson Minor
Special Assistant Attorney General
Civil Litigation Division
Office of the Attorney General
P.O. Box 220
Jackson, Mississippi 39205

Vardaman Kimball Smith, III
Bryan Nelson, P.A.
P.O. Drawer 18109
Hattiesburg, MS 39404-8103

This, the 20th day of October, 2009.

By: _s/ Michelle T. High_
Michelle T. High